## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-162 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Gunnar Olson, | |
| Defendant. | |

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Joshua Gunnar Olson's Motion for Psychiatric Examination. (ECF No. 21.) Defendant's attorney also filed a declaration and exhibits setting forth specific grounds for concern that Defendant is not able to sufficiently understand the proceedings or assist in his defense. (ECF No. 23.) Defense counsel requests that the Court order a psychiatric or psychological examination of Defendant pursuant to 18 U.S.C. § 4241 for a medical determination of Defendant's competency to stand trial and to assist in his defense. (ECF No. 21 at 1-2.)

Section 4241 provides that, "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report by filed with the court . . . ." *Id.* § 4241(b).

1

Further, § 4247 provides that the Court "may commit the person to be examined for a reasonable period, but not to exceed thirty days" for purposes of undergoing an examination pursuant to § 4241.  18 U.S.C. § 4247(b).

Based on the submissions of defense counsel, the Court concludes that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Accordingly, Defendant's motion is granted.  *See id*. § 4241(b); Fed. R. Crim. P. 12.2(c) ("The court may order the defendant to submit to a competency evaluation under 18 U.S.C. § 4241.").

Thus, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Psychiatric Examination (ECF No. 21) is **GRANTED**.

2. Pursuant to 18 U.S.C. § 4247(b), Defendant is committed to the custody of the Attorney General for a period not to exceed 30 days for purposes of undergoing an examination pursuant to 18 U.S.C. § 4241.

3. Pursuant to 18 U.S.C. § 4241(b) and § 4247(b), the Attorney General shall conduct the psychiatric or psychological evaluation in a suitable facility closest to the Court.  ***The Court strongly recommends that the examination be conducted at FMC Rochester***.

4. The Court directs that the psychiatric evaluation assess Defendant's competency to stand trial and assist in his defense.  The report of examination should include Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis.  *See* 18 U.S.C. § 4247(c).  The Court further directs that the evaluation include the examiner's opinions as to whether Defendant is suffering from a mental disease or defect rendering him unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4247(c).

5. Pursuant to 18 U.S.C. § 4247(b), the Attorney General is directed to conduct an examination and to return the report within 30 days or as soon as possible.

6. The appointed psychiatrist or psychologist must file his or her report with the Court under seal with copies to attorneys for both the Government and Defendant, and said report must contain the information outlined in 18 U.S.C. § 4247(c).

7. If needed, a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d) shall be scheduled by the Court upon completion of the evaluation and report directed above.

8. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the time period between November 14, 2022, and the determination of Defendant's mental competency shall be excluded from Speedy Trial Act computations in this case.

Date: November   22   , 2022

                                                               *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*USA v. Olson*
Case No. 22-cr-162 (DSD/TNL)