UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-cr-162 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Gunnar Olson, | |
| Defendant. | |

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, pursuant to 18 U.S.C. § 4241(d) for a determination on whether Defendant Joshua Gunnar Olson is mentally competent to stand trial. A hearing was held on May 11, 2023. ECF No. 34. Assistant United States Attorney Emily Polachek appeared on behalf of the United States of America (the "Government"). Attorney Glenn P. Bruder appeared on behalf of Defendant.

## II. BACKGROUND

Defense counsel previously filed a motion pursuant to 18 U.S.C. § 4241 for a complete psychiatric examination to determine whether Defendant is competent to stand trial. *See generally* ECF No. 21. A sealed declaration by counsel and exhibits were also filed in support of the motion. *See generally* ECF No. 23. The motion was granted, and Defendant was committed to the custody of the Attorney General for examination. ECF No. 24 at 2. The examination is now complete and access to the report prepared by forensic

1

unit psychologist Ryan Nybo, Psy.D., of the Federal Bureau of Prisons, has been provided to counsel. *See generally* ECF No. 30 ("Report").

Defendant arrived at Federal Detention Center SeaTac on December 28, 2022, to begin his evaluation. *Id*. at 6. During the evaluation period, Dr. Nybo interviewed and assessed Defendant, and he was observed and interviewed by other psychologists and psychiatrists. *Id*. at 6-7. Dr. Nybo also reviewed various records and documents, including documents previously filed in this case, as well as other legal and medical records. *Id*. at 4-7. Dr. Nybo also had written correspondence with counsel for Defendant. *Id*. at 5-6.

Dr. Nybo reported that Defendant "exhibited a factual understanding of the criminal charges and the related court proceedings" and "understood the pleas of guilty and not guilty as well as the consequences of these pleas." *Id*. at 9. He also "demonstrated an adequate understanding of the court participants and the related procedures" and a "good understanding of appropriate courtroom behavior and the challenging of prosecution witnesses." *Id*. at 10. Dr. Nybo reported that "although [Defendant] demonstrated a sufficient ability to understand the factual nature and consequences of the court proceedings against him[, . . . ] he evidenced an impaired rational understanding of the proceedings due to the presence of delusional thinking as well as an impaired ability to rationally assist counsel in his defense." *Id*. Dr. Nybo further reported that Defendant's "delusional beliefs impair his ability to make rational and reality-based decisions concerning his legal case and prepare a reasonable defense." *Id*. at 11. Dr. Nybo concluded that, in his opinion, Defendant suffers from a mental disorder or disease, namely, a Delusional Disorder, "which would substantially impair his present ability to understand

the nature and consequences of the court proceedings brought against him, and substantially impair his ability to assist counsel in his defense." *Id*. at 10-11. Accordingly, Dr. Nybo opined that Defendant is not competent to proceed at this time, and "highly recommended" that Defendant undergo formal competency restoration procedures at a Federal Medical Center. *Id*. at 11.

At the hearing, the Government offered and the Court received Dr. Nybo's report, Government Exhibit 1. The Government did not challenge the report or object to a finding that Defendant is not competent to proceed. Nor did the Government present any additional evidence or testimony on the issue of Defendant's competency.

Defendant's counsel informed the Court that Defendant objects to the conclusions in Dr. Nybo's report. Defendant's counsel also stated that Defendant would like the opportunity to address the Court and that Defendant would like his counsel to be replaced.

The Court informed Defendant of his right to testify, present evidence, subpoena witnesses on his behalf, and confront and cross-examine witnesses who appear at the hearing under 18 U.S.C. § 4247(d), and then gave Defendant the opportunity to address the Court.

Defendant offered and the Court received a nine-page memorandum signed by Defendant, Defense Exhibit 1. The arguments in Defendant's memorandum, which are often difficult to follow, largely mirror those he made at the hearing. Specifically, Defendant objects to Dr. Nybo's conclusion that he is not competent to proceed because he suffers from a delusional disorder which would substantially impair his present ability to understand the proceedings and substantially impair his ability to assist counsel in his

defense. According to Defendant, Dr. Nybo's opinion is "unfounded" and "factual[ly] devoid and naked of reality, based on corroborated facts in litigation," such as other civil cases. See Def. Ex. 1 at 2. He claims that Dr. Nybo's "self sacrificial allegations implies a narrative that is disheveled by empty rhetoric, following a preclusion of self induced grandiose thinking," and that the documents Dr. Nybo relied on in his report must be produced in order for the report to survive. See id. at 2, 5. He also argues that Dr. Nybo's conclusions are based in part on information provided by his counsel in violation of the attorney-client privilege. See id. at 7-8. He also disputed specifically Dr. Nybo's conclusion that Defendant does not have the present ability to assist his counsel. He stated that he and his family members have made numerous unsuccessful attempts to contact his counsel, and he has not been given opportune time to speak with his counsel. Further, Defendant argued that he does not believe his attorney can effectively assist in his defense because their attorney-client communications have been improperly breached.

### III.  ANALYSIS

"A defendant must be competent at all stages of the prosecution, including sentencing." United States v. Barraza, 982 F.3d 1106, 1112 (8th Cir. 2020) (quotation omitted). "A defendant must have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him to be competent to stand trial or face sentencing." Id. (quotation omitted).

Under 18 U.S.C. § 4241(a), "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney

for the Government may file a motion for a hearing to determine the mental competency of the defendant." At a competency hearing, the defendant "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d); *see* 18 U.S.C. § 4241(c).

> To evaluate a defendant's competency, a district court must first determine if the defendant has a rational as well as factual understanding of the proceedings against him. It must then determine whether the defendant is able to assist properly in his defense. In determining whether a defendant is competent to proceed, the district court may base its competency decision on numerous factors, including expert medical opinions and the court's observations of the defendant's demeanor.

*Barraza*, 982 F.3d at 1113 (quotations, citations, and emphasis omitted); *see also United States v. Contreras*, 816 F.3d 502, 514 (8th Cir. 2016) (relying on opinion of Bureau of Prisons psychiatrist).

"A defendant is mentally incompetent to proceed with trial or sentencing if a preponderance of the evidence indicates that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Barraza*, 982 F.3d at 1112-13 (quotation omitted).

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

5

18 U.S.C. § 4241(d). "Determining whether a defendant is competent is committed to the discretion of the district court." *Barraza*, 982 F.3d at 1112 (quotation omitted).

The Court has carefully reviewed Dr. Nybo's report and his conclusions that Defendant "suffers from a mental disorder or disease, namely a Delusional Disorder, which would substantially impair his ability to understand the nature and consequences of the court proceedings brought against him, and substantially impair his ability to assist counsel in his defense." Report at 10-11. While Defendant argues that Dr. Nybo's conclusions are, among other things, "unfounded" and "disturbing," *see* Def. Ex. 2 at 2-3, he has not provided any contrary evidence or testimony to support a different conclusion. In other words, Defendant has not set forth any evidence that he is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. He only attempts to discredit Dr. Nybo's conclusions by claiming that Dr. Nybo's conclusion is an "unfounded opinion not governed by a procedural principle or technique." *See* Def. Ex. 2 at 2. This is not accurate. Dr. Nybo's report is detailed, thorough, and applies the correct legal standard to arrive at a well-supported conclusion. Defendant's arguments and presentation at the hearing do not convince the Court that there is any reason to discredit Dr. Nybo's report. Based on the foregoing, the Court finds, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent under § 4241(d) to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[1]

Having found Defendant not competent to proceed at this time, the Court must "commit the defendant to the custody of the Attorney General." 18 U.S.C. 4241(d). The Attorney General "shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant is presently not competent to proceed in this matter.

2. Defendant is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) for such reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

3. The Attorney General shall designate the facility for Defendant's hospitalization, treatment, and examination.

4. The Court will hold a hearing once the needed evaluations are complete to determine whether Defendant's mental condition has so improved as to permit the proceedings to go forward, and if not, whether there is a

---

[1] To the extent Defendant requests that the Court appoint new counsel, such argument will be addressed once Defendant returns from his hospitalization, treatment, and examination, and all mental competency issues have been resolved. *See United States v. Evans*, 690 F.3d 940, 942 (8th Cir. 2012) ("At the beginning of the competency hearing, defense counsel informed the court that [the defendant] wished to represent himself at the hearing. The court informed Evans it had to proceed with the competency hearing before making a ruling on whether [the defendant] could represent himself."); *see also, e.g., United States v. Horne*, No. 20-00139-01-CR-W-DGK, 2021 WL 5909190, at *1 n.1 (W.D. Mo. Dec. 14, 2021) ("The Court will address whether new counsel should be appointed for Defendant once he returns from his psychiatric evaluation, and all mental competency issues have been resolved.").

       substantial probability that in the foreseeable future he will attain the capacity to proceed.

5.     The time period from the original order for a competency evaluation through the final decision on Defendant's competency is excludable time under 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED.**

Date: May __15__, 2023                           *s/Tony N. Leung*
                                                               Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                *USA v. Olson*
                                                                Case No. 22-cr-162 (DSD/TNL)