UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-CR-162 (DSD/TNL)

---

United States of America,

    Plaintiff,

v.

Joshua Gunnar Olson,

    Defendant.

**DEFENDANT JOSHUA GUNNAR OLSON'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DETERMINING DEFENDANT WAS NOT COMPETENT TO ASSIST COUNSEL IN HIS DEFENSE**

---

    Defendant, Joshua Gunnar Olson ("Olson" or "Defendant"), by and through his attorney, Glenn P. Bruder, Mitchell, Bruder and Johnson, files this objection seeking review of Magistrate Judge Leung's Order of May 15, 2023 determining that Defendant suffered from a mental disease or defect rendering him incapable of assisting his counsel in this matter and placing Defendant in the custody of the Attorney General to receive mental health treatment designed to restore him to competency.

### I.    BASIS FOR REVIEW.

LR 72.2(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to and decided by a Magistrate Judge, a party may seek review of the Magistrate Judge's order on the matter as follows:
>
> (1) Objections. A party may file and serve objections to the order within 14 days after being served with a copy unless the court sets a different deadline.

Rule 72.2(a) (3) continues:

> …the District Court Judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

### II.    BACKGROUND.

1

On August 2, 2022 attorney A.L. Brown was appointed to represent the Defendant *(Dkt. 6)*. Subsequently, A.L. Brown was permitted to withdraw after reporting to the Court that Olson refused to communicate with him. Glenn P. Bruder was then appointed to represent the Defendant. *(Dkt. 19)*. On November 14, 2022, Defendant's counsel filed a motion for a mental competency evaluation of the Defendant pursuant to 18 U.S.C. §4241(a). *(Dkt. 21)*. The Magistrate Judge requested additional information from Defendant's attorney concerning the basis for the motion and, after counsel's compliance, the Magistrate Judge ordered a psychiatric or psychological examination and report in accordance with 18 U.S.C. §4241(b). *(Dkt. 24)*.

A psychological examination was completed, and a competency report was filed on April 7, 2023. *(Dkt. 30)*. The Court held a hearing on May 11, 2023 to consider the Defendant's placement. At that hearing, Defendant's attorney reported Olson strongly objected to the finding of incompetency and the Defendant also informed defense counsel that morning that Olson wished to discharge his second attorney and receive new counsel. Magistrate Judge Leung permitted the Defendant to testify at the hearing and accepted a memorandum which the Defendant had independently drafted expressing his dissatisfaction with the report and the manner in which his case had evolved. *(Dkt. 37)*.

On May 15, 2023, the Magistrate Judge issued an Order accepting the report of the psychologist, Dr. Nybo. The Order directed the Attorney General to take custody of Olson and to place him in a medical facility to receive appropriate treatment with the hope of restoring the Defendant to competency. Magistrate Judge Leung's Order did not rule on the Defendant's request for a new attorney, observing that it would be appropriate to address this request only after Olson had been restored to mental health and was able to make a competent decision about his representation. *(Dkt. 35)*.

### III.    BASIS FOR THE DEFENDANT'S OBJECTIONS.

Defendant's attorney sought an evaluation to determine the mental competency of the Defendant based on particularized concerns and observations made during his representation of Olson. The psychological examination affirmed the suspicions of Defendant's attorney and concluded that Olson was not competent to assist his counsel at this time. Defendant's attorney recognizes the incongruity of now objecting to an Order which was solicited by the attorney himself. However, in a May 23 telephone conversation with Defendant, Olson made it explicitly clear that he wanted to challenge the Magistrate Judge's Order and to have it reviewed by the District Court Judge. Defendant further reported that he had spoken to the District Court Judge's chambers concerning the process for assuring this review and Defendant planned to file a series of pro-se documents identifying deficiencies in the Magistrate Judge's Order.

Because L. R. 72.2 permits Defendant to seek a review of a Magistrate Judge's Order and because Defendant's attorney believes Olson is acting in good faith, from a sincere and firmly held conviction that the Defendant is competent to assist his attorney, Defendant's attorney believes that his personal beliefs and conclusions should not interfere with the Defendant's ability to have a judicial determination of this question.

Accordingly, to assure the Defendant's objections are addressed, Defendant's attorney agreed to file this document. Based on his conversation with Defendant, the undersigned attorney believes Defendant's objections to the Magistrate Judge's May 15 Order are as follows:

(a)    The Magistrate Judge did not apply the correct burden of proof under 18 U.S.C. §4241(b).

(b)    The Magistrate Judge's decision violated Defendant's due process rights under the Fifth Amendment to the United States Constitution.

  (c)  The Magistrate Judge's Order improperly excluded the period of time from the filing of the initial motion for a mental competency evaluation through the period of treatment from the Speedy Trial Act (STA).

Olson also informed his attorney that Defendant planned to submit a memorandum elaborating on these issues and other events demonstrating a lack of compliance with Defendant's statutory and constitutional rights.

## CONCLUSION

For the above-stated reasons, Defendant respectfully requests the Court consider the Defendant's objections as set forth above and subject to whatever further argument the Defendant may seek to submit to the Court in various pro-se submissions.

Dated: May 23, 2023

Respectfully submitted,

MITCHELL, BRUDER & JOHNSON
*/s/ Glenn P. Bruder*
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174