<pre>
 1                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA
 2

 3   ------------------------------------------------------------
                                      )
     United States of America,        )   File No. 22-CR-162
 4                                     )           (DSD/TNL)
              Plaintiff,               )
 5                                     )
     vs.                               )   Minneapolis, Minnesota
 6                                     )   May 11, 2023
     Joshua Gunnar Olson,              )   9:05 a.m.
 7                                     )
              Defendant.               )
 8   ------------------------------------------------------------

 9

10              BEFORE THE HONORABLE TONY N. LEUNG
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
11                   (COMPETENCY HEARING)

12

     APPEARANCES:
13    For the Plaintiff:         United States Attorney's Office
                                 EMILY POLACHEK, ESQ.
14                               300 South Fourth Street
                                 Suite 600
15                               Minneapolis, Minnesota 55415

16    For the Defendant:         Mitchell, Bruder & Johnson
                                 GLENN P. BRUDER, ESQ.
17                               9531 West 78th Street
                                 Suite 210
18                               Eden Prairie, Minnesota 55344

19    Court Reporter:            PAULA RICHTER, RMR-CRR-CRC
                                 Box 1005
20                               300 South Fourth Street
                                 Minneapolis, Minnesota 55415

21

22

23

24       Proceedings reported by certified stenographer;
     transcript produced with computer.
25
</pre>

**P R O C E E D I N G S**

**IN OPEN COURT**

1
2
3              THE COURT:  Good morning, everyone.  This is the
4     United States District Court for the District of Minnesota,
5     and we have a case here today.  It is captioned United
6     States of America versus Joshua Olson, 22-CR-162.
7              Government counsel, identify yourself for the
8     record.
9              MS. POLACHEK:  Good morning.  Emily Polachek on
10    behalf of the United States.
11             THE COURT:  Ms. Polachek.
12             And Mr. Bruder for Mr. Olson.
13             MR. BRUDER:  Good morning, Your Honor.  My name is
14    Glenn Bruder, last name is spelled B-R-U-D-E-R, appearing
15    this morning on behalf of Mr. Olson, who is seated to my
16    right.
17             THE COURT:  Good morning, gentlemen.  Thank you
18    for being here.
19             Well, we're here for the hearing, so how do you
20    folks want to proceed here today?
21             MS. POLACHEK:  Your Honor, the Government is not
22    contesting the findings in the competency report that
23    Mr. Olson lacks competency to proceed --
24             THE COURT:  Could you speak up?  Could you go to
25    the center podium?  And also, are you submitting a report or

1    anything like that?

2              MS. POLACHEK:  I believe the report has been filed

3    on ECF.

4              THE COURT:  Do you want to submit it for purposes

5    of today?

6              MS. POLACHEK:  Sure, Your Honor, we will submit

7    that.

8              So at this point then, I think that the Court is

9    obligated by statute to order Mr. Olson into the Bureau of

10   Prisons' custody to go to an FMC to be rehabilitated -- or

11   to see whether he can be rehabilitated.

12             THE COURT:  And the Government, you're not

13   challenging Dr. Nybo's report; is that correct?

14             MS. POLACHEK:  That's correct.

15             THE COURT:  Is the Government presenting any

16   additional evidence or testimony on the issue of defendant's

17   competency?

18             MS. POLACHEK:  No, Your Honor.

19             THE COURT:  Anything further from the Government?

20             MS. POLACHEK:  No, except that I do believe under

21   Eighth Circuit law, Mr. Olson has to be given the

22   opportunity to speak at this hearing, if he would like to.

23   So I'd just note that for the record.

24             THE COURT:  Okay.  Thank you.

25             Mr. Bruder, is the defense challenging Dr. Nybo's

1    report or his conclusions?

2          MR. BRUDER:  I'm a little bit conflicted here,

3    Your Honor.  I have requested the report, and Mr. Olson has

4    reviewed the report and has indicated to me quite clearly

5    that he does not agree with the conclusions in Dr. Nybo's

6    report.

7          Mr. Olson has also indicated to me this morning

8    that he wishes to have me replaced as his attorney.  And he

9    has, I believe, prepared a memorandum which he handed to me

10   a few minutes ago.  I do not know if that's been filed with

11   the Court or if you've had an opportunity to review it.  I

12   haven't had an opportunity to absorb the memorandum, so I

13   can't tell you what it says exactly, although I believe he

14   makes a series of assertions of procedural and substantive

15   irregularities in association with the report itself.

16         Beyond that, Your Honor, I'm not sure what more I

17   can say, other than the fact that Mr. Olson has repeatedly

18   informed me that he does wish to address the Court with

19   respect to the issue of the validity of Dr. Nybo's report.

20         THE COURT:  Very well.  Thank you, Counsel.

21         Anything from Government on that?

22         MS. POLACHEK:  Your Honor, we would not take a

23   position on any motion for Mr. Bruder to withdraw as counsel

24   or be replaced except to say that Mr. Bruder is the second

25   attorney that's been assigned to Mr. Olson, so I'm not sure

1    whether he would get a third from the Federal Defender's

2    Office.

3              I think that given Dr. Nybo's findings, at this

4    point he should be sent for potential rehabilitation to

5    ensure that any decisions about what he does next as far as

6    representation are made knowingly and with the appropriate

7    finding of competency.

8              THE COURT:  Thank you.

9              Anything else on your specific part, Mr. Bruder?

10             MR. BRUDER:  Nothing, other than that I would

11    relay to the Court that Mr. Olson has repeatedly expressed a

12    desire to address the Court today.

13             THE COURT:  Sure.  Thank you.

14             All right.  It should be noted that under

15    18 U.S.C. 4247(d), that defendant shall be afforded an

16    opportunity to testify, to present evidence, to subpoena

17    witnesses on behalf and to confront and cross-examine

18    witnesses who appear at the hearing.

19             So it sounds like, Ms. Olson, you want to address

20    the Court?

21             THE DEFENDANT:  That's correct, Your Honor.

22             THE COURT:  All right.  Go ahead.

23             THE DEFENDANT:  Would you like me to step forward

24    or stay seated?

25             THE COURT:  You can just stay there.

1        THE DEFENDANT:  Okay.  So I have a motion and

2    memorandum supporting the Federal Rules of Criminal

3    Procedure 12.2, Section C, Subdivision 2, and I would like

4    to address this for the Court.  I have two for the clerk,

5    one for the prosecutor, and one for the magistrate.

6        THE COURT:  Have you shown it to opposing --

7        THE DEFENDANT:  I have not.  Can I address it and

8    walk it over?

9        THE COURT:  Mr. Bruder --

10       MS. POLACHEK:  If this has privileged

11   communications, then I'm not sure the Government wants to

12   see it and if we should step out.

13       THE DEFENDANT:  It's the same inclusion as

14   Dr. Nybo's report, so there's no privilege in it.

15       THE COURT:  Mr. Bruder, can you flip through that?

16   And what is it?

17       MR. BRUDER:  It's about 11 pages long, but if you

18   give me a minute --

19       THE COURT:  Yeah.

20       THE DEFENDANT:  If I may, Your Honor.  If we could

21   address the Court for a quick recess to gather my notes and

22   then we can proceed as follows.

23       THE COURT:  I think Mr. Bruder will be pretty

24   quick.  Do you want to go ahead with the rest of your

25   argument to me?

1          THE DEFENDANT:  Yeah.  I just wanted a minute to

2     reflect on my notes.  I had some unforeseen procedures that

3     I'm trying to include, as well as a motion for withdrawal,

4     and I'm just a little disheveled at the moment.

5          THE COURT:  How much time are you looking for?

6          THE DEFENDANT:  I don't know.  Five, ten minutes.

7     Just enough time for the prosecution and Mr. Bruder to go

8     over the report.

9          THE COURT:  Marshals, does the five-, ten-minute

10    timeframe work for you guys?

11         U.S. MARSHALS:  Yes.

12         THE COURT:  All right.  Well, why don't we do ten

13    minutes then, okay?

14         THE DEFENDANT:  Okay.

15         THE COURT:  All right.  We'll see you in a little

16    bit.

17         THE DEFENDANT:  Thank you.

18         THE COURT:  All right.  We'll take a ten-minute

19    recess and we'll be back.

20         (Off the record from 9:12 a.m. until 9:21 a.m.)

21         THE COURT:  Okay, folks, we are back on the record

22    after a short recess in the case of United States of America

23    versus Joshua Gunnar Olson, case number 22-CR-162.

24         We're here for a competency hearing under

25    18 U.S.C. 4241(d) for determination on defendant's mental

1    competency to stand trial at this time.  And defendant has

2    undergone a competency evaluation at Federal Detention

3    Center, SeaTac.  An evaluation was completed and report

4    prepared by Forensic Unit Psychologist Dr. Nybo, and that's

5    in ECF Number 30, and that's been provided to all counsel

6    and Mr. Olson.

7         So the Government basically did not challenge

8    Dr. Nybo's report or any of the conclusions, is not seeking

9    to present any arguments or evidence, and Mr. Bruder made

10   his record.

11        And, Mr. Olson, I was in the process of providing

12   him an opportunity to address the Court or do what he's

13   permitted under 18 U.S.C. 4247(d), as I indicated.  And

14   Mr. Olson requested -- well, submitted -- wanted me to look

15   at a document, and so I wanted to make sure at least

16   Mr. Bruder looked it over.  And the Government reminded the

17   Court that they don't necessarily need to see the document

18   because the Government doesn't know what's in it.  It could

19   be your communication with your lawyer, and that shouldn't

20   be in the Government's hands.

21        So then Mr. Olson asked for about five to ten

22   minutes, I believe, for additional time to get ready to

23   present, and so now we're back on the record.

24        Mr. Olson, have I pretty accurately stated sort of

25   the background?

1          THE DEFENDANT:  I think you sufficiently presented

2     that well, so . . .

3          THE COURT:  Go ahead.  It's your case now.

4          THE DEFENDANT:  Okay.  So for the record, I want

5     to put three issues on point.  One being the delay -- the

6     undue delay in prejudice to a speedy trial under

7     18 U.S.C.S. 3161.

8          There's a case that went to the Supreme Court, and

9     it's *United States vs. Taylor*.  Now, it calls for 55 days,

10    ten days for transport and 45 days for the valuation.

11    Anything else isn't subject to exclusion.  Underneath that

12    case note, there's 70 days that the defendant was held for a

13    psych evaluation, was not excludable under a 70-day clock as

14    there was no intent by Congress for time limits of

15    4247(b) --

16         THE COURT:  Mr. Olson, you have to slow down

17    because she has to --

18         THE DEFENDANT:  Okay.  I'll start again.

19         Under the time clock for a speedy trial under 3161

20    18 U.S.C.S., 70 days that the defendant was held for a psych

21    evaluation was not excludable under a 70-day clock, as there

22    was no intent by Congress for time limits of 4247(b) to

23    modify the language of 3161.  And that's *United States vs.*

24    *Taylor.*  So it's, I guess, the oppressive pre-indictment

25    delay.

1          Also, I wanted to put on the record for the matter

2     of my motion, under *United States vs. Becerra*, the

3     individual is more akin to a trial than a decision to

4     hospitalize an already incarcerated defendant under

5     18 U.S.C.S. 4241.

6          Now, I touched base on three issues in Dr. Nybo's

7     report, one being that he finds me delusional ideation on

8     the basis of incompetency to effectively render or assist in

9     the defense of this case.  And I'd have to disagree with

10    that substantially.

11         There's been prevalent issues as well as motions

12    filed in the past that at this point I believe are subject

13    to an interlocutory injunction based off of a summary

14    judgment that hasn't been handed down on the motion.  And

15    that was -- I believe it was dated December 15th, 2022.  And

16    I'm still awaiting decision under magistrate's orders on

17    that, as well as my new motion today that I would like to

18    get a summary judgment on.

19         Also for the record, I want to reiterate for the

20    record that attorney-client confidentiality and the matter

21    in need for that under Rules of Evidence 501 and how that

22    governs a claim of privilege, as well as 403, to an expert

23    testimony.

24         So Dr. Nybo's report, he bases his report on a

25    delusional ideation that Mr. Olson believes there is a

1    conspiracy against him to ensure a conviction in this case

2    by multiple counties as well as at the hands of Sherburne

3    County jailers.

4           Now, I touched base on a case that I have in civil

5    litigation in which I am potentially going to be a party to

6    a civil action.  It's under *Goldmann vs. Sherburne County*.

7    And the civil action is CV-21-02530.  And the lead counsel

8    on that is Nico Ratowski for Contreras & Metelska.  I think

9    that's the relevant information to be able to corroborate

10   testimony from Mr. Olson, which is being me as the

11   defendant, in regards to the conspiracy to deprive my civil

12   rights in this case.

13          Dr. Nybo also states his report on an ATF agent

14   that was currently investigating the case by the name of

15   Christopher Johnson.  I have a personal relationship with

16   this individual prior to any incarceration or any alleged

17   charges, and I'm going to be asking the Court to issue blank

18   subpoenas and governing documentation for discovery of that

19   individual, as well as Dr. Nybo for privileged

20   communications that were improperly breached.  So if that

21   could be also satisfied today.

22          Dr. Nybo bases his report on the record that it's

23   not based in reality that the ATF agent is a former coworker

24   in the sheet metal union and alluded to how he planned to

25   call this person as a witness, as a possible cornerstone of

1    his defense strategy.

2              And he also states in the record that there is

3    evidence to the contrary substantiating his claims that

4    Mr. Olson reports that the ATF agent is not who he says he

5    is.

6              So I'm calling forth in record and planning to

7    subpoena Dr. Nybo to produce the evidence contrary to

8    effectuate that statement for this individual ATF agent, for

9    which I know personally as Christopher Johnson.

10             And also, I disagree with the incompetency

11   evaluation on the ability to assist defense counsel.  I have

12   not been given an opportune time in order to speak with

13   counsel.  He has not been available at the times during

14   speaking -- trying to get in contact with him.

15             My mother is in court today.  She's seated right

16   behind me.  Her name is Lynn Ann Love.  I can state that for

17   the record.  She has attempted to call Mr. Bruder, I would

18   say, a numerous of 20 to 30 times, left multiple voicemails,

19   which are all recorded and documented, times and dates, to

20   no avail.  No return phone calls from his receptionist or

21   legal assistant.

22             Mr. Bruder, for the record, filed a motion, I

23   believe it was dated in November, I want to say 11/22/2022,

24   and that was for a mental health evaluation.  An absent

25   waiver was not notified for the record in order for filing

1    of that motion.  I was not in agreeance of that motion.

2             I informed Mr. Bruder, do not file that motion, as

3    I had a different implementation for a defense strategy.  He

4    informed me that it was already too late and he had sent it

5    to the magistrate.  So I submitted an objection to that on

6    the pretenses of, you know, I can't be forced to comply with

7    a court-ordered evaluation because it's an unconstitutional

8    right to be subjected to that sort of treatment without my

9    approval.  As defense counsel under *Faretta vs. California*,

10   doesn't get the right to make motions or filings without

11   permission from the client, as the holder of the privilege,

12   as the client and not the attorney.

13            So also under that injunction for the motion filed

14   for the incompetency, I would attest to the fact that

15   Mr. Bruder's communications that were submitted to Dr. Nybo

16   are privileged.  And I believe the Court has a wide

17   discretion in finding waivers of privilege that could be

18   handled, I don't know, either a writ of mandamus, in order

19   to handle abuse and discretion.  So I'm going to be pursuing

20   that under summary judgment, as well as a motion and

21   memorandum supporting, with the subpoena to subpoena the

22   records of confidentiality that were disclosed.

23            I don't believe that my attorney, Mr. Bruder, can

24   effectively assist in my defense on the basis of the

25   relationship and the confidentiality that has been so

1    improperly breached.  I don't believe that there is a

2    furtherance as incompatible with the defense strategy.

3            There is also a work product immunity that I

4    believe has been improperly breached as to a defense

5    strategy that Mr. Nybo, subsequently in his investigatory

6    conclusioning, his prerogative is very indicative of trying

7    to figure out what my defense strategy was on the basis of

8    coercing information out of me with the psychological

9    inabilities of the defendant.  And he bases that on the

10   effect of "his intelligence was believed to be average."

11   And that is noticed on page 8 of 11.

12           He also states in there that my legal strategy

13   made several concerning statements during this evaluation.

14   He makes five clear, pertinent reasoning as to trying to

15   figure out what my defense strategy is.  That information

16   was relayed to Dr. Nybo with confidential communications

17   with my attorney against my wishes in multiple emails

18   dated -- I could submit as evidence in the future upon

19   subpoena.  So I would have to disagree with the incompetency

20   of that.

21           Also, on the basis of "to effectively communicate

22   with defense counsel," I don't have that ability to

23   effectively communicate.  I have reached out to Mr. Bruder

24   numerous times, I would say.  I have a letter from him

25   dating -- November to December, I attempted to contact him

1    26 times in one weekend in regards to a case and the motion

2    that was filed for a competency prior to leaving for the

3    evaluation, to no avail.

4         I had a return email -- or letter stating that

5    it's very disruptive and unprofessional of me to reach out

6    to them this many times.  I've attempted to contact him, 15

7    letters in the course of a four-month period from December

8    until present, with two return letters and no return phone

9    calls.  And I have it documented.  I have 37 phone calls and

10   14 voicemails I've left him in the four-month period with no

11   return phone calls.

12        And only two returned visits.  During the visits,

13   I don't get adequate time.  As per *Strickland vs.*

14   *Washington*, I believe it's ineffective assistant of counsel,

15   and I'm going to be making an OLPR request as well as a

16   *Strickland* motion in regards to ineffective assistance of

17   counsel.

18        Also, in regards to --

19        THE COURT:  Slow down a little bit.

20        THE DEFENDANT:  Also, as it pertains to *Faretta*

21   *vs. California,* he's an assistant by legal standard.  The

22   client is the privilege holder, and he does not get to make

23   informed decisions without notifying the client first.  I

24   want that on the record.

25        If need be, I will be pursuing a civil litigation

1    against him in the attorney-client communication breach, as

2    well as his firm.

3        I discussed adequate representation of counsel

4    prior to this hearing.  I believe it was in December --

5    prior to December 15th under the statute 18 U.S.C.S. 3006A.

6    It clearly states, "adequate representation of counsel."

7        I'm also going to be subpoenaing records from

8    Mr. Bruder's firm in the effect of work statements and/or

9    payroll for hours billable for this case, and that's under

10   *United States vs. Knott*, which is a case out of New York

11   that went to the Supreme Court for an individual under

12   adequate representation of counsel in the *Strickland* test.

13   So I'm also going to be making motions to that.

14       But I want to reiterate to the Court the effect of

15   the relationship between client and attorney and how that

16   privilege is deemed constitutional.  It's a safeguard to

17   protect against certain relationship procedure malfunctions

18   and how that can be reiterated to the fact of he doesn't get

19   to make informed decisions without my approval.

20       We've had numerous conversations prior to today

21   basing this information, and he tries to have a controlling

22   standard -- or a standpoint in reasoning.  He says that I

23   don't understand legal concepts, and he's not willing to

24   understand my legal principle and how that applies to the

25   situation.

```
 1              I believe I have a cognitive ability and a high
 2     intelligence in order to be able to assist in my own
 3     defense, as well as the competency to stand trial in this
 4     court proceeding.
 5              It's been over a year.  I still have not had an
 6     arraignment.  I've requested a bail and detention hearing,
 7     under 18 U.S.C.S. 3142.  This is the third time now on
 8     record that I've requested it and still to no avail.
 9              I have pending issues in the state proceeding, as
10     well as the federal, that are the identical claim, which a
11     defense strategy could be implemented on that I've discussed
12     with Mr. Bruder, to no avail.
13              I also have an ongoing proceeding in Anoka County
14     for the same identical case.  That is forestalled at this
15     very point in time because of this proceeding under
16     Mr. Bruder's orders to not worry about the state until the
17     federal proceeding is finished.  And I have confusions in
18     the record with Mr. Bruder on a defense strategy as
19     pertaining to that.
20              Certain defense strategies pertaining to the
21     record of the date of arrest in discovery material that I've
22     relaid to Mr. Bruder in regards to some releases of
23     information was improperly breached to Dr. Nybo under
24     client-protected communications.  That was going to be
25     implemented into a trial preparation and/or litigation.
```

 1   That was improperly breached by Mr. Bruder to Dr. Nybo in a

 2   multitude of tumultuous emails that I'm also going to be

 3   submitting a subpoena as it relates to Brady material of the

 4   ATF agent.

 5           So on the basis of competency, I feel I have a

 6   highly relevant basis to have a cognitive decision brought

 7   in my favor, as well as the motion for competency.  I don't

 8   believe that hospitalization for a defendant that's already

 9   incarcerated for a period of a year -- the statute states

10   under 18 U.S.C.S. 3161 for the Speedy Trial Act, it states

11   70 days to jury trial.

12           And as I stated under *U.S. vs. Taylor*, the time

13   limit and exclusion for an evaluation is 45 days as per the

14   Supreme Court precedent and ten days for transport.  I was

15   in transport and evaluation for a period of over 120 days.

16   I believe that's an undue prejudice that's been biased

17   against me in the speedy trial delay.  I've acknowledged

18   this to Mr. Bruder on several occasions, as well as my

19   mother and my father, leaving voicemails to no avail.

20           I've attempted to reach out to multiple other

21   firms and securing advice from counsel or possibly getting

22   pro bono work because I can't afford a private attorney at

23   this point, to no avail.

24           I'm still going through a multitude of civil

25   litigations with Sherburne County, and I'm getting some

1    redress specifically to the civil litigation with Contreras

2    vs. [sic] Metelska.

3           Now, my civil attorney that I've been in contact

4    with advised me to err on the side of caution in regards to

5    this civil matter with this criminal proceeding, as he's in

6    fear for sentence enhancement just on the basis of bias by

7    Mr. Leung on the basis of he was the presiding judge on the

8    civil litigation that's being represented by him.  So I want

9    to put that on the record for reiteration.

10          Also, for one final thing, under the Federal Rules

11   of Criminal Procedure 17, Section A, it states that

12   subpoenas are to be issued to counsel in blank, and counsel

13   then issues subpoenas.  Leave of court isn't required.  And

14   that's under *United States vs. Van Allen*.  And that is a

15   Supreme Court case.

16          So I wanted to get this all on the record for

17   reiteration.  And nothing further.

18          THE COURT:  Did you want to submit that document

19   you talked about earlier?

20          THE DEFENDANT:  Yes, I'd like to submit that.

21          THE COURT:  Okay.  Mr. Bruder, could you assist --

22   mark that as Defendant Exhibit 1?  Do we need to put that

23   under seal?  I don't know what it is, so . . .

24          MR. BRUDER:  Your Honor, the only reason that I

25   would suggest -- first of all, I've reviewed the document.

1   It does not disclose any privileged information to the

2   extent there's anything that would be maybe fairly labeled

3   confidential.  It's tied to the Nybo report, which has

4   already been filed and the Court has received it.

5              So I don't know that this would necessarily need

6   to be filed under seal, except to the extent that it does

7   make reference to the Nybo report, which I don't think is

8   publicly available.  So to the extent that the Court wishes

9   to preserve some measure of confidentiality, it perhaps

10  should be filed under seal.

11             I did provide a copy to the U.S. attorney because

12  there is nothing in here that she has not already been made

13  aware of.

14             THE COURT:  All right.  The Court will receive

15  your exhibit then under seal.  Okay?

16             MR. BRUDER:  Very well, Your Honor.

17             THE COURT:  And just on that point -- anything

18  else then?

19             THE DEFENDANT:  I want to reiterate for the fact

20  that it's also under the evaluation for Federal Rules of

21  Criminal Procedure 12.2, Section C, Subdivision 2, for the

22  medical examination.  This is my written notice for the

23  State for objection.

24             MS. POLACHEK:  Your Honor, on that point, so 12.2

25  is a notice of insanity defense.  If that is the case, then

1    the Government would ask that the Court also order that when

2    Mr. Olson is sent for rehabilitation, that if the Court

3    could also request that BOP do an insanity evaluation at the

4    same time to try to limit the amount of transportation back

5    and forth.

6              THE COURT:  Mr. Bruder, anything else on that one?

7              THE DEFENDANT:  Your Honor, if I may.

8              THE COURT:  Hold on, Mr. Olson.  Let him, and then

9    it will be your turn, okay?

10             MR. BRUDER:  Your Honor, I'll let Mr. Olson speak

11   because I think he had something different in mind.  But

12   from my standpoint, I think it would be premature to raise

13   an insanity defense at this point in time, and I would not

14   normally raise an insanity defense at this point.

15             The objective in the competency evaluation is to

16   ascertain whether Mr. Olson was competent to proceed at this

17   particular moment, and the evaluation by Dr. Nybo does

18   indicate that there are treatments available that could

19   return Mr. Olson to competency and that would be the

20   objective that I would have at this particular moment in

21   time.

22             THE COURT:  Thank you.

23             Mr. Olson?

24             THE DEFENDANT:  Your Honor, per my motion under

25   12.2(c), I intended it for the written notice to object to

1     the mental health examination, not to the effect of an

2     insanity plea.  So I find caution on the error.

3                    THE COURT:  So you're not seeking --

4                    THE DEFENDANT:  I'm not seeking an insanity plea.

5     I just was trying to inform the State of my decision to

6     object to the mental health.

7                    THE COURT:  Understood.  You've clarified that

8     point.  Thank you.

9                    All right.  Anything else?

10                   THE DEFENDANT:  No, Your Honor.  Just other than I

11    object to the mental competency, to be incompetent to

12    effectively render an assist with my attorney.

13                   THE COURT:  Understood.

14                   Anything else, Mr. Bruder?

15                   MR. BRUDER:  Your Honor, Mr. Olson said a number

16    of things about me during his presentation.  Unless the

17    Court wants me to respond specifically to any of them, I

18    think it would be best that I just not say anything.

19                   THE COURT:  No, this is not the time for further

20    discussion of that point.  We'll focus on the hearing at

21    hand.

22                   Government, did you formally submit the report?

23                   MS. POLACHEK:  Yes, at the beginning of this

24    hearing.

25                   THE COURT:  And if I didn't already -- well, your

1    objections are even -- I think it's an objection, right,

2    Mr. Olson?

3              THE DEFENDANT:  I object to the incompetency, yes.

4              THE COURT:  Got it.

5              Anything else for the record on the exhibit,

6    Mr. Bruder?

7              MR. BRUDER:  Your Honor, Mr. Olson is concerned

8    that the Court understand that he wants nothing to do with

9    an insanity plea, and I told him that I'm confident you've

10   absorbed that.

11             As far as anything else is concerned, I have no

12   additional information to present to the Court, other than

13   to the extent I need to mark this memorandum as an exhibit

14   and offer it to the Court.

15             Nothing further.

16             THE COURT:  Very well.  The Court receives then

17   Government -- we'll mark it as Exhibit 1.  And, again, I

18   believe I already formally accepted Defense Exhibit 1 for

19   purposes of this hearing.

20             All right.  That concludes the hearing.  Thanks,

21   everyone.

22             We are in recess.  The Court will take this under

23   advisement.  Thanks, everyone.

24             (Court adjourned at 9:43 a.m.)

25                       *      *      *

1

2

3          I, Paula K. Richter, certify that the foregoing is

4    a correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7                    Certified by:   *s/ Paula K. Richter*

8                                    Paula K. Richter, RMR-CRR-CRC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25