```
              UNTIED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              CRIMINAL NO. 22-162(DSD/TNL)
```

United States of America,

       Plaintiff,

v.                                               ORDER

Joshua Gunnar Olson,

       Defendant.

This matter is before the court upon the objections to United States Magistrate Judge Tony N. Leung's order dated May 15, 2023.[1] The magistrate judge determined that defendant Joshua Gunnar Olson is not presently competent to stand trial and therefore ordered him committed to the custody of the attorney general for up to four months to determine whether and when defendant may attain the capacity to permit the proceedings to continue.

On July 28, 2022, defendant was indicted on charges of carjacking, being a felon in possession of a firearm, and brandishing a firearm during and in relation to a crime of violence. During initial proceedings defense counsel filed a motion under 18 U.S.C. § 4241 for a psychiatric examination to determine defendant's competence to stand trial. The magistrate

---

[1] Defense counsel filed an objection at defendant's request and defendant also filed a pro se objection through various documents. See ECF Nos. 38-42.

judge granted the motion and the examination has been completed. The psychologist who performed the examination concluded, among other things, that defendant suffers from delusional thinking and beliefs that would impair his ability to understand the proceedings and assist his counsel in his defense. The psychologist "highly recommended" that defendant undergo "formal competency restoration procedures at a Federal Medical Center." ECF No. 35, at 3.

The magistrate judge held a hearing on the matter and concluded, consistent with the psychologist's report, that defendant is not competent to stand trial at this time. The government did not object to the psychologist's report or the magistrate judge's determination. Defendant argues that the magistrate judge applied the wrong legal standard and violated his constitutional rights.

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

The court has carefully reviewed the order and concludes that defendant has failed to establish that the order is clearly erroneous or contrary to law. The magistrate judge thoroughly and correctly applied the facts to the law in making his determination. The court sees no basis on which to reverse the decision at issue.

Accordingly, based on the order, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED that** the objections [ECF Nos. 38-42] are overruled.

Dated: June 6, 2023

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court