UNITED STATES
DISTRICT OF MINNESOTA
Criminal No. 22-CR-162 (DSD/TNL)

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Joshua Gunnar Olson,

    Defendant.

**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JOSHUA GUNNAR OLSON**

---

Glenn P. Bruder and the firm of Mitchell, Bruder and Johnson, as attorney for Defendant hereby moves the Court to: (1) permit Glenn P. Bruder to withdraw as counsel for Defendant in this matter pursuant to Local Rule 83.7(c) for good cause shown, (2) determine whether the Defendant wishes new counsel to be appointed or to represent himself, and (3) issue such further orders as are appropriate.

The basis for this motion is as follows:

1. On May 15, 2023, Magistrate Judge Leung issued an Order (Dkt. 35) determining: (a) the Defendant was not competent to proceed in this matter, and (b) committing the Defendant to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d) "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."

2. The Defendant subsequently challenged this Order. On June 6, 2023, Judge Doty issued an Order overruling the Defendant's objections and affirming the Magistrate Judge's decision (Dkt. 48).

1

3. The Defendant subsequently sought review by the 8th Circuit and on May 14, 2024, the 8th Circuit issued a per curiam opinion affirming the District Court's decision.

4. This appeal did not stay the Attorney General's efforts to address and treat the Defendant with the goal of restoring him to competency. The Defendant was transported to the Federal Medical Center (FMC) in Devens, Massachusetts, arriving December 21, 2023. On May 13, 2024, Dr. Miriam Kissin, a staff forensic psychologist at FMC Devens issued a report concluding:

> Mr. Olson does not exhibit psychiatric symptoms that serve as a limiting factor on his present competency abilities.

More specifically, Dr. Kissin concluded:

> …in this evaluator's professional Mr. Olson's present competency related skills are not compromised by symptoms of serious mental illness or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. At the May 11, 2023 competency hearing, the Defendant orally requested that his attorney be discharged and that a new attorney be appointed for him. The Magistrate Judge deferred a ruling on this request observing:

> To the extent Defendant requests the Court appoint new counsel such argument will be addressed once Defendant returns from his hospitalization, treatment and examination and all mental competency issues have been resolved…

(Dkt. 35, p. 7, n. 1).

6. Defendant's attorney has not spoken to Mr. Olson since some time in 2023, shortly after the May 2023 competency hearing. In Dr. Kissin's evaluation, the Defendant briefly touched on his relationship with his attorney, relating that Defendant's attorney felt that his strategy was untenable, that Defendant had a difference of opinion with his attorney but that Mr. Olson "is willing to work with another attorney to resolve his case." These statements certainly

signal that Defendant still does not wish to be represented by his current attorney and wishes to have another attorney appointed for him. The report is silent whether the Defendant views his current attorney's involvement as so regrettable that Defendant is willing to represent himself at trial.

7.  Defendant's attorney attempted to communicate with him on May 23, June 3 and June 10, 2024 regarding his intentions. The Defendant refused to respond to any of these communications. Eventually, on June 17, Defendant's legal assistant was able to obtain a response from Mr. Olson by sending an NCIC email to him. In his response, the Defendant stated "Glenn P. Bruder [should file] a motion to withdraw prior to the next hearing. I don't want to continue representation [sic] of him." The Defendant also asked that his attorney not attend any future court appearances in this matter.

8.  It appears the Defendant and his attorney not only have extreme and dramatic differences concerning trial strategy but also, likely due to Defendant's attorney's request for a psychiatric evaluation, the Defendant views his continued representation by his current attorney as an enanthema and will no longer speak directly to his attorney, presumably because the Defendant believes his attorney is not acting in Mr. Olson's best interest. Defendant's counsel believes this constitutes an "irreconcilable conflict between the Defendant and the attorney, a complete breakdown in their communication or an actual conflict of interest resulting from continued representation" warranting the withdrawal of defense counsel. *United States v. Rodriguez, 612 F.3d 1049, 1054 (8th Cir. 2010).*

WHEREFORE, in the event the Court determines the Defendant to be competent to proceed at this time, Defendant's attorney requests the Court grant him permission to withdraw as Defendant's attorney and issue such other orders as the Court deems appropriate under the circumstances.

Dated: June 18, 2024

Respectfully submitted,

MITCHELL, BRUDER & JOHNSON
*/s/ Glenn P. Bruder*
Attorney for Defendant
9531West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174