UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-162 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Gunnar Olson, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Joshua Gunnar Olson's Motion for Reconsideration, ECF No. 142. The Court Ordered the Government to respond to Defendant's motion. *See* ECF No. 143. The Government filed its timely Response on January 8, 2025. *See* ECF No. 145. Based upon the following reasons, the Court denies Defendant's motion.

## II. BACKGROUND

On July 28, 2022, Defendant was indicted and charged for carjacking, being a felon in possession of a firearm, and brandishing a firearm during a violent crime. ECF No. 1. On August 2, 2022, A. L. Brown was appointed as counsel for Defendant. ECF No. 6. By the end of that month, Mr. Brown moved to withdraw from this case because Defendant would not speak to him. ECF No. 14. The Court granted that motion. ECF No. 18.

On October 21, 2022, Glenn Bruder was appointed as counsel for Defendant, ECF No. 19, who then filed a motion for a psychiatric exam pursuant to 18 U.S.C. § 4241 on

1

November 14, 2022. *See* ECF No. 21. The Court granted that motion, ECF No. 24, and a mental competency report was issued thereafter recommending competency restoration procedures. *See* ECF No. 30. A competency hearing was held on May 11, 2023, ECF No. 34, and an Order finding Defendant not competent and committing him to restoration procedures was issued a few days later on May 15, 2023. *See* ECF No. 35. On June 16, 2023, Defendant appealed the Court's Order finding him not competent to the Eighth Circuit Court of Appeals. *See* ECF No. 62. This case was effectively stayed pending Defendant's appeal.

On May 14, 2024, the Eighth Circuit affirmed the decision finding Defendant not competent and committing him to restoration procedures. *See* ECF Nos. 80 and 81. Shortly thereafter on May 31, 2024, a mental competency report was issued finding Defendant's competency to be restored. *See* ECF No. 83. In response, the Court set a competency hearing for June 25, 2024. ECF No. 85. A few days later, Mr. Bruder moved to be withdrawn from representing Defendant. ECF No. 87. The Court then continued the competency hearing to a date to be determined in light of the motion to withdraw. *See* ECF No. 88.

On July 8, 2024, the Court granted the motion to withdraw due to a clear breakdown in attorney client communication and irreconciled conflict between Defendant and his second counsel. *See* ECF No. 90. Jordan Kushner was then appointed as counsel for Defendant on August 5, 2024, ECF No. 92, and the Court continued the competency hearing to October 15, 2024, to give counsel sufficient time to become familiar with this matter and to prepare for the competency hearing. *See* ECF No. 94. Shortly before the

2

scheduled competency hearing, Mr. Kushner, Defendant's third counsel, moved to withdraw from this matter. ECF No. 98. At the request of defense, Magistrate Judge Dulce J. Foster heard Mr. Kushner's first motion to withdraw. ECF No. 101. Considering this motion to withdraw, the Court continued the competency hearing to a date and time to be determined. ECF No. 102.

On October 22, 2024, Magistrate Judge Foster denied Mr. Kushner's motion. *See* ECF No. 112. In response, the Court set the competency hearing for November 26, 2024. ECF No. 115. The Government then moved on November 1, 2024 to continue the competency hearing due to the unavailability of a key witness. *See* ECF No. 116. For good cause shown (unavailability of a key witness), the Court continued the competency hearing to January 14, 2025. *See* ECF No. 121.

On November 18, 2024, Defendant appealed to District Judge David S. Doty the Court's Order continuing the competency hearing for the key witness to be present. *See* ECF No. 124. The next day, Defendant also appealed to District Judge Doty, Magistrate Judge Foster's denial of Mr. Kushner's first motion to withdraw. *See* ECF No. 126. District Judge Doty affirmed both decisions, that is, the continuance of the competency hearing to January 14, 2025, and the denial of Mr. Kushner's first motion to withdraw. *See* ECF Nos. 125 and 129.

On December 16, 2024, Mr. Kushner filed his second motion to withdraw as counsel. *See* ECF No. 130. To prevent further delay of the competency hearing, on December 19, 2024, the Court set a hearing on Mr. Kushner's now second motion to

withdraw for January 13, 2025—the day before the scheduled competency hearing. *See* ECF No. 134.

On December 26, 2024, Defendant filed a pro se notice of interlocutory appeal of the Order continuing the competency hearing to January 14, 2025, due to the unavailability of a key witness. *See* ECF No. 135. The substance of this pro se notice also raises attorney client issues. *Id.* at 2. Thus, the Court stayed the hearing on Mr. Kushner's second motion to withdraw and the competency hearing as Defendant's pro se notice of interlocutory appeal raises or touches upon issues related to both of those hearings. *See* ECF No. 141. Defendant is now asking for the Court to reconsider its decision to stay those hearings. *See* ECF No. 142.

### III. ANALYSIS

The filing of a notice of interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). *See Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). Defendant's pro se notice of interlocutory appeal is not as narrow as Defendant's counsel paints it to be. If the Court should not have continued the competency hearing to January 14, 2025, so that the forensic psychologist who evaluated Defendant's restoration to competency could testify at the competency hearing, then the makeup of the competency hearing would be substantially different. That is at least one of the issues on appeal to the Eighth Circuit. In other words, if the Court should not have continued the hearing, then the forensic psychologist would not have testified at the competency hearing due to her unavailability. If the Court could

4

have continued the hearing, then the forensic psychologist would have testified at the competency hearing due to her availability.

In addition to the above, indications have been made that Defendant plans to contest the forensic psychologist's mental competency report of Defendant. *See* ECF No. 116. Defendant even argued for the forensic psychologist to appear in person at the competency hearing when the Government requested for the forensic psychologist to appear by videoconference. *See* ECF No. 100. In addition, Defendant's pro se notice of interlocutory appeal raises issues with his attorney client relationship, *see* ECF No. 135 at 2. Upon this Court's review, Mr. Kushner's second motion to withdraw as counsel does not appear to be wholly separate from the issue of competency. Therefore, Defendant's pro se notice of interlocutory appeal divests the Court of its jurisdiction to hold both hearings because both are intertwined with each other and, as a minimum, raises or touches upon issues related to both hearings.

Furthermore, there is no requirement for the Court to hold both hearings and issue an indicative ruling pursuant to Rule 37(a) of the Federal Rules of Criminal Procedure. Taking into consideration the Court's discretion under Rule 37(a) and the requirement that "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously", *see United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989), the Court, therefore, declines to exercise its discretion under Rule 37(a).

## IV. ORDER

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, ECF No. 142, is **DENIED**.

Dated: January 10, 2025               <u>*s/Tony N. Leung*</u>

                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *United States v. Olson*
                                                Case No. 22-cr-162 (DSD/TNL)