UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Joshua Gunnar Olson,<br><br>　　　　Defendant. | No. 22-cr-162 (DSD/DLM)<br><br>**ORDER** |

This matter is before the Court on Defendant Joshua Olson's Emergency Motion to Halt Jail Transfer (Doc. 218). For the reasons explained below, Mr. Olson's motion is denied.

On September 17, 2025, Mr. Olson moved the Court for an order to stop his transfer from Sherburne County Jail to Crow Wing County Jail. According to representations from Mr. Olson, a deputy from the United States Marshal Service ("USMS") and Sherburne County Jail officials wanted him removed from the jail "due to his grievances, threats of litigation, and activities to prepare litigation." (Doc. 218 at 1.) He alleges that jail staff listened to his phone conversations with his attorneys, monitored his legal mail, and violated his medical privacy, and that his threatened transfer to another jail amounts to First Amendment retaliation for the grievances and litigation he pursued in response to these alleged violations. He also contends that a transfer from the Sherburne County Jail violates his Fifth and Sixth Amendment rights to due process and counsel because it interferes with his ability to participate in his defense and impedes his use of the law library.

The government opposes Mr. Olson's motion and argues that a criminal defendant's place of pretrial detention falls squarely within the USMS's statutory and regulatory discretion under 18 U.S.C. § 4086; and 28 C.F.R. § 0.111(k). Moreover, according to the government, Mr. Olson's jail transfer resulted from his "concerning behavior that caused disruption at the Sherburne County Jail." (Doc. 223 at 1.) The government represents that jail officials learned Mr. Olson had "assembled . . . personal and family information about jail staff" which officials believed was "an attempt at intimidation" and therefore "requested the USMS place [Mr. Olson] at another facility." (*Id*. at 2-3.) From the government's view, because the USMS acted appropriately within its statutory and regulatory discretion, and Mr. Olson has not shown that his transfer to the Crow Wing County Jail will prejudice him or violate his rights, his motion should be denied.[1]

As to Mr. Olson's First Amendment retaliation claim, a motion for emergency relief amid his criminal case is not the appropriate forum. A First Amendment retaliation claim like the one he raises in this motion ought to be pursued via a 42 U.S.C. § 1983 conditions of confinement action. *See, e.g.*, *Rouse v. Benson*, 193 F.3d 936, 937 (8th Cir. 1999); *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir. 1996); *Sisneros v. Nix*, 95 F.3d 749, 751 (8th Cir. 1996). And this make sense, because the relief he seeks—an order restraining or enjoining

---

[1] When Mr. Olson moved the Court to stop his transfer, he was still in custody at the Sherburne County Jail. However, the Court understands the government's Response to represent that Mr. Olson has already been transferred to the Crow Wing County Jail. And the Court's review of the publicly accessible roster of current Crow Wing County Jail detainees confirms that Mr. Olson is in custody at the Crow Wing County Jail as of September 18, 2015. *See* Crow Wing County In Custody List, https://www.crowwing.gov/1532/In-Custody-List (last accessed September 23, 2025).

action—is the type of relief generally available in civil (but not criminal) actions. *See* Fed. R. Civ. P. 65. In a similar matter, the notion that a court in a criminal proceeding may dictate the conditions of a pretrial detainee's location "under 18 U.S.C. § 3142(i) or some other statute or precedent" was characterized as "a point poorly supported, if at all, by any authority proffered by the defendant." *United States v. Johnson*, 225 F. Supp. 2d 982, 1005 (N.D. Iowa 2002). The same is true here. But like the *Johnson* court, this Court considers the argument to the extent that Mr. Olson claims his transfer impedes his right to counsel and to assist in his own defense. From Mr. Olson's vantage, his transfer from Sherburne County Jail is inconvenient and might result in him being detained in a jail with less access to legal resources. These potential hardships are not only speculative but also contrary to the many courts that have said having a lawyer, by itself, is sufficient to vindicate one's right to access the courts and the Sixth Amendment right to counsel. *See e.g.*, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("inmate cannot establish [violation of his right to access the courts] simply by establishing that his prisons law library or legal assistance program is subpar in some theoretical sense"); *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("[T]he appointment of counsel can be a valid means of satisfying a prisoner's right of access to the courts.") (collecting cases). Even casting aside the government's argument that Mr. Olson's conduct necessitated his transfer (an argument that appears meritorious), the fact that he still has the assistance of counsel defeats his access to courts claim.

Finally, the Court agrees with the government that a pretrial detainee's place of detention falls within the USMS's discretion. *See* 18 U.S.C. § 4086 ("United States marshals shall provide for the safe-keeping of any person arrested, or held

3

under authority of any enactment of Congress pending commitment to an institution.") And "[c]ourts have recognized that these statutes . . . provide the USMS with broad authority to determine where to house its prisoners." *United States v. Boyce*, No. 21-cr-30003-DWD, 2023 WL 137823, at *1 (S.D. Ill. Jan. 9, 2023). The government has represented to the Court that the USMS determined Mr. Olson's transfer from Sherburne County Jail to Crow Wing County Jail was appropriate based on input from jail staff about Mr. Olson's behavior. Nothing before the Court establishes that this decision was outside or an abuse of the USMS's discretion. Nor has Mr. Olson provided any authority to undermine the USMS's broad discretion here.

Because Mr. Olson's requested relief should be sought through civil action, he has demonstrated no constitutional violation this Court has authority to consider in a criminal proceeding, and he has failed to demonstrate that his transfer was outside the USMS's discretion, his Emergency Motion to Halt Jail Transfer (Doc. 218) is **DENIED**.

**SO ORDERED**.

DATED: September 23, 2025         *s/Douglas L. Micko*
                                  DOUGLAS L. MICKO
                                  United States Magistrate Judge