UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 22-cr-162 (DSD/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Gunnar Olson, | |
| Defendant. | |

This matter is before the Court on the government's Motion for an Order Excluding Testimony of a former Assistant United States Attorney ("AUSA") and two special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which Defendant Joshua Olson seeks to admit at the hearing on his Motion to Dismiss for Speedy Trial and Due Process Violations. The government argues that the Court should exclude this testimony because it is not relevant to Mr. Olson's motion. But, in the government's view, even if the testimony was relevant, the Court should still exclude it because the factual record Mr. Olson seeks to develop is already established before the Court. Mr. Olson, for his part, argues that the government has failed to refute the testimony's relevance, and has failed to follow its own procedures under *Touhy*[1] for denying witness testimony. For the reasons explained below, the government's Motion for an Order Excluding Testimony is granted.

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

## BACKGROUND

Mr. Olson's case has a lengthy history that has spanned three years, two prosecutors, and three defense attorneys (as well as pro se litigation). In summary, Mr. Olson was charged by indictment with a number of offenses related to a violent carjacking in 2022. (Doc. 1.) A few months after Mr. Olson was charged, his lawyer moved the Court to determine Mr. Olson's competency. (Doc. 21.) The Court granted the motion on November 21, 2022. (Doc. 24.)

On April 7, 2023, Ryan Nybo, Psy.D., issued a report opining that Mr. Olson's delusional beliefs impaired his ability to make rational and reality-based decisions about his legal case and prepare a reasonable defense. (Doc. 30.) Central to Dr. Nybo's decision was his determination that Mr. Olson "made several concerning statements" about his case. (*Id.* at 10.) "Specifically, he expressed the belief that the lead ATF [Bureau of Alcohol, Tobacco, Firearms, and Explosives] agent was actually a former coworker in the sheet metal union . . . ." (*Id.*) Dr. Nybo characterized this belief as delusional and "not based in reality." (*Id.* at 8.) In large part—although not exclusively—because of this fixation, Dr. Nybo determined Mr. Olson suffered from Delusional Disorder and recommended that he be committed to undergo formal competency restoration proceedings. (*Id.* at 10-11.) The Court held a hearing on Mr. Olson's competency on May 11, 2023 (Doc. 34), and issued an Order shortly thereafter finding Mr. Olson was not presently competent, and further committing him to the custody of the Attorney General for formal competency restoration proceedings. (*See generally* Doc. 35.)

Even though Mr. Olson was formally ordered to undergo competency restoration proceedings on May 15, 2023, he apparently remained in limbo and *not* in competency restoration proceedings for over six months, until he entered the Federal Medical Center ("FMC") Devens on December 21, 2023. (Doc. 83 at 3.) Mr. Olson was evaluated by a team led by Miriam Kissin, Psy.D., over a period of approximately four months. (*See generally id.*) The Court received Dr. Kissin's Mental Competency Report, by letter dated May 23, 2024, and the Report was docketed on May 31, 2024. (*Id.*) The report opined that Mr. Olson did not suffer from Delusional Disorder, and concluded he was competent. (*Id.*)

Although Dr. Kissin issued her Report in May 2024, several matters delayed the hearing on Mr. Olson's competency, including pro se appeals by Mr. Olson, logistical issues related to witnesses, and motions for his counsel to withdraw. (*See, e.g.*, Docs. 121, 130, 164.) Promptly after the Eighth Circuit rendered judgment on Mr. Olson's appeal (Doc. 155), this Court set a hearing to determine his competency. (Docs. 156, 157.) That hearing took place on June 13, 2025. (Doc. 170.) What happened at, and after, that hearing largely set the stage for Mr. Olson's Motion to Dismiss, as well as the government's Motion for an Order Excluding Testimony.

At the competency hearing, there was no real doubt that Mr. Olson was competent. (Doc. 182 at 12-13, 15-17.) Dr. Kissin testified, however, that she had recently learned from the United States Attorney's Office that Mr. Olson, in fact, did have a prior relationship with an ATF agent in the case. (*Id.* at 21-22, 25.) In other words, the underpinning of Dr. Nybo's competency findings (that is, that Mr. Olson suffered from Delusional Disorder because he was convinced he knew one of the investigating officers)

3

was flawed; Mr. Olson was right. (*Id.*; *see also id.* at 34-35.) This Court subsequently issued a Report and Recommendation that Mr. Olson was competent (Doc. 172), which was adopted in its entirety on July 1, 2025 (Doc. 178).

On August 5, 2025, Mr. Olson moved the Court to dismiss the indictment arguing that the government had violated his constitutional rights to due process and a speedy trial, and his statutory right to a speedy trial. (Doc. 193.) Mr. Olson has submitted several matters of evidentiary value in support of his motion. (Docs. 194, 194-1, 194-2, 207.) This included a Report of Investigation from Special Agent Hoisington, which indicated that on December 5, 2022, he informed AUSA Polachek that he and Mr. Olson knew each other from a prior Union apprenticeship program. (Doc. 194-1 at 5.) Mr. Olson also submitted exhibits of correspondence between Mr. Olson's attorney and AUSA Emily Polachek regarding whether, and when, the government informed Mr. Olson's prior counsel and his competency evaluator that Mr. Olson had a prior relationship with Special Agent Hoisington. (Doc. 194-1.) Here, the prosecutor stated Dr. Nybo did not have a copy of Special Agent Hoisington's report when performing his competency evaluation, but that the prosecutor believed the report was either emailed to Mr. Olson's former counsel "or maybe we discussed it by phone." (Doc. 194-1 at 1.) Finally, Mr. Olson submitted a declaration from his prior attorney, who swore he was not provided with a copy of Special Agent Hoisington's report and did not recall the prosecutor ever mentioning it. (Doc. 207 at 1-2.)

A hearing for Mr. Olson's motions, including the Motion to Dismiss, was set for August 28, 2025. (Doc. 181.) Mr. Olson filed a Notice of Intent to Call Witnesses on

August 21, listing, among other witnesses, AUSA Emily Polachek, and ATF Special Agents Caleb Hoisington and Kristopher Johnson. (Doc. 203.) The Court directed the parties to submit letter briefs regarding the propriety of such witness testimony (Doc. 204), and those letter briefs were received on August 26, 2025 (Docs. 205, 206.)

At the August 28, 2025, hearing on Mr. Olson's criminal pretrial motions, Mr. Olson's counsel indicated that he had not served subpoenas on any of the government witnesses but had served a so-called *Touhy* notice for each of them. (Doc. 212 at 27-28.) The government objected to producing the two ATF agents and AUSA Polachek. (*Id.* at 36-37.) The parties expressed a lack of clarity about whether subpoenas were required and requested additional time to meet and confer regarding that issue. (*Id.* at 40.) The Court directed the parties to meet and confer on that issue no later than September 4, 2025, and to provide an update on their respective positions no later than September 11, 2025. (Doc. 208.) The parties provided their respective updates on September 11 and September 12, 2025, but did not set forth their positions on whether subpoenas were necessary for the government witnesses. (Docs. 213, 214.) As such, the Court ordered the parties to provide set forth, by additional letter brief, their positions on the logistics and propriety of witness testimony for a forthcoming evidentiary hearing on Mr. Olson's Motion to Dismiss. (Doc. 222.) Those letter briefs were received on September 26 and September 27, 2025. (Docs. 225, 226.)

The Court then scheduled a hearing on Mr. Olson's Motion to Dismiss for Speedy Trial Act and Due Process Violations for October 29, 2025. (Doc. 228.) In preparation for the October 29 hearing, the Court set a briefing schedule ordering the parties to file any

5

motions to compel, to quash, or for protective order related to witnesses by October 8, and responses filed by October 15, 2025. (*Id.* at 2.) The government moved the Court for an Order excluding the testimony of AUSA Polachek and ATF Special Agents Hoisington and Johnson. Mr. Olson has responded in opposition. (Doc. 237.) The issue is now ripe for decision.

## ANALYSIS

Mr. Olson has moved the Court to dismiss the indictment against him for what he alleges are violations of his Sixth Amendment right to a speedy trial, his due process rights, and his statutory rights under the Speedy Trial Act. (Doc. 193.) In support of his motion, Mr. Olson has noticed his intent to call AUSA Emily Polachek, and ATF Special Agents Caleb Hoisington and Kristopher Johnson. (Doc. 203.) The government objects to producing any of these witnesses for the hearing and has moved the Court for an order excluding their testimony because, from its perspective, their testimony is not appropriate under *Touhy* and their testimony is unnecessary.[2]

To determine whether Mr. Olson's Sixth Amendment right to a speedy trial has been violated, the Court considers the "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Johnson*, 990 F.3d 661, 670 (8th Cir. 2021) (quoting *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). Under the Speedy Trial Act, if the Court determines a violation occurred,

---

[2] Because the Court concludes that the testimony Mr. Olson seeks to elicit at the hearing is cumulative to evidence already in the record, the Court need not reach a conclusion on the government's *Touhy* argument.

6

then when "determining whether to dismiss the case with or without prejudice, the court shall consider," among other factors, "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). In Mr. Olson's view, testimony from the above-listed witnesses is key to the Court's determination about the reason for delay. Mr. Olson also argues that the question of good faith is relevant to his request for dismissal on due process grounds where, he contends, the Court must determine whether the government's conduct was so outrageous as to violate due process and warrant dismissal. *United States v. Russell*, 411 U.S. 423, 431-432 (1973); *United States v. Combs*, 827 F.3d 790, 794-95 (8th Cir. 2016).

From Mr. Olson's vantage, each of three witnesses "have relevant and material testimony to offer on" his pending motion to dismiss. (Doc. 237 at 2.) He proffers that AUSA Polachek, who was the prosecutor assigned to the case from the time of the indictment in July 2022 until December 2024 or January 2025, will testify

> as to the time and circumstances of her being informed of [the truth of Mr. Olson's claim that he previously knew an ATF agent assigned to the case], whether she disclosed that information to the court, opposing counsel or the psychologist evaluating Mr. Olson for competency, her opportunities to disclose the information, and her reasons for failing to disclose the information.

(*Id.* at 5.) Mr. Olson proffers that ATF Special Agent Hoisington will testify about Mr. Olson recognizing him during Mr. Olson's arrest in this case, and

> how he became aware that his prior relationship with Olson was raised as an issue in this case, [that] he prepared a report addressing this issue, his circumstances of his decision to prepare the report, the date that he prepared the report, when he provided the report to the prosecution, and any verbal discussion or written correspondence he had with the prosecutor regarding this issue.

7

(*Id*. at 6.) As for ATF Special Agent Johnson, Mr. Olson proffers that he participated in Mr. Olson's arrest and his testimony "will verify that Mr. Olson recognized [Agent] Hoisington as a previous co-worker at the time of the arrest." (*Id*. at 6-7.) According, to Mr. Olson, Agent Johnson "can explain why he or Hoisington claimed that Hoisington's name was Johnson. He will testify as to any communications he had regarding the issue with Hoisington or the prosecutor in the case." (*Id*. at 7.)

Although evidence on these matters has some general relevance to the determination of Mr. Olson's Motion to Dismiss, the Court agrees with the government that witness testimony is unnecessary and cumulative given the evidentiary record already before the Court. As discussed above, Mr. Olson's Motion to Dismiss was accompanied by his current lawyer's declaration (Doc. 194), his prior lawyer's declaration (Doc. 207), and a number of exhibits that include email communications between the defense and AUSA Polachek regarding the untimely disclosure of Special Agent Hoisington's report (Doc. 194-1 at 6). Also before the Court is Special Agent Hoisington's Report, which explains his prior knowledge of Mr. Olson, when he informed AUSA Polachek of his prior knowledge, and the circumstances of Mr. Olson's arrest (*id*. at 5). These exhibits establish a sufficient record for the Court to consider the circumstances regarding the government's conduct relevant to Mr. Olson's Motion to Dismiss.

Because the testimony Mr. Olson seeks to elicit from AUSUA Polachek, and ATF Special Agents Hoisington and Johnson is cumulative to the evidence already established

in the record, the Court concludes that their testimony is unnecessary. Accordingly, the government's Motion for an Order Excluding Testimony (Doc. 234) is granted.

**SO ORDERED**.

DATED: October 24, 2025     *s/Douglas L. Micko*
                            DOUGLAS L. MICKO
                            United States Magistrate Judge